IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUISA FERNANDA FRANCO, )<br>  )<br>   Plaintiff, )<br>  )<br>v. )<br>  )<br>JAMES RIVER INSURANCE )<br>COMPANY, )<br>  )<br>   Defendant. )<br>  ) | Civil Action No. 25-cv-02163-LKG<br><br>Dated: February 10, 2026 |

## MEMORANDUM OPINION

I.     **INTRODUCTION**

In this civil action, the Plaintiff, Luisa Fernanda Franco, alleges that the Defendant, James River Insurance Company ("JRIC"), failed to provide her with underinsured motorist coverage as required by Md. Code Ann., Ins. § 19-509(c). *See generally* ECF No. 10. JRIC has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 14. The motion is fully briefed. *See* ECF Nos. 14, 17 and 22. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 14) and (2) **DISMISSES** the amended complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

  A.  **Factual Background**

In this civil action, the Plaintiff, Luisa Fernanda Franco, alleges that the Defendant, James River Insurance Company, failed to provide her with underinsured motorist coverage as required by Md. Code Ann., Ins. § 19-509(c). *See generally* ECF No. 10. In the complaint, the Plaintiff asserts the following claims against the JRIC: (1) the Plaintiff was insured through the JRIC with underinsured motorist limits of $1,000,000 pursuant to Md. Code Ann., Ins. § 19-

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint, defendant's motion to dismiss ECF Nos. 10 and 14.

509(c); and that (2) JRIC failed to honor the coverages mandated by the statute after the Plaintiff was involved in a vehicle collision. *Id.* at ¶¶ 4, 16, 17 and 19. As relief, the Plaintiff seeks to recover compensatory damages with interest and costs in a sum to exceed $75,000 from JRIC. *Id.* at 4.

### The Parties

The Plaintiff, Luisa Fernanda Franco, is a resident of the State of Maryland and she drives for Uber. *Id.* at ¶¶ 1 and 3.

The Defendant, James River Insurance Company, is an insurance company that provided policy coverage to Portier LLC ("Uber") at the time of the vehicle collision involving the Plaintiff. ECF No. 14 at ¶ 2.

### The October 2019 Vehicle Collision

As background, on October 27, 2019, the Plaintiff was living in the Maryland and driving for Uber, when she was struck by a vehicle driven by Castillo Vasquez Balbino in Washington, DC. ECF No. 10 at ¶¶ 3 and 6-9. The Plaintiff alleges that the Plaintiff sustaining serious physical injuries as a result of the vehicle collision.. *Id.* at ¶¶ 12 and 13.

The Plaintiff also alleges that the vehicle collision caused her to incur current and future expenses for medical costs and property damage. *Id.* at ¶ 13. In addition, the Plaintiff alleges that Mr. Balbino's liability insurance carrier has tendered its liability limits of $50,000. *Id.* at ¶ 15.

### The Plaintiff's Claim Against JRIC

The Plaintiff contends that, at the time of the vehicle collision, she was insured through JRIC (the "Policy")with uninsured motorist coverage limits of $1,000,000, based upon Md. Code. Ann., Ins. § 19-509(c). *Id.* at ¶ 17. In this regard, the Plaintiff alleges that JRIC failed to provide the required coverage under Section 19-509(c), which provides that:

> In addition to any other coverage required by this subtitle, each motor vehicle liability insurance policy issued, sold, or delivered in the State after July 1, 1975, shall contain coverage for damages, subject to the policy limits, that: (1) the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in a motor vehicle accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle[.]

*Id.* at ¶¶ 17 and 19.

2

The Plaintiff alleges that she was required to re-register as a Maryland driver with Uber upon her relocation to Maryland, and the Policy was, therefore, "deemed issued and/or delivered in Maryland as of October 27, 2019." *Id.* at ¶ 18. And so, the Plaintiff seeks to recover compensatory damages with interests and costs in a sum to exceed $75,000 from JRIC. *Id.* at 4.

### B. Procedural Background

The Plaintiff commenced this civil action on May 5, 2025, in the Circuit Court for Montgomery County. *See generally* ECF No. 1. On July 3, 2025, the matter was removed to this Court. *Id.*

On July 25, 2025, the Plaintiff filed an amended complaint. ECF No. 10. On August 21, 2025, JRIC filed a motion to dismiss for failure to state a claim and a memorandum in support thereof, pursuant to Fed. R. Civ. Pro. 12(b)(6). ECF No. 14. On September 5, 2025, the Plaintiff filed a response in opposition to JRIC's motion. ECF No. 17. On September 19, 2025, JRIC filed a reply brief. ECF No. 22.

JRIC's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS
### A.   Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citation and quotations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id.* at 255 (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.2008)). And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv.*

*Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

## IV.   ANALYSIS

JRIC has moved to dismiss this matter, pursuant to Fed R. Civ. P. 12(b)(6), upon the grounds that the amended complaint fails to state a plausible claim for uninsured motorist coverage under the Policy and Maryland law. ECF No. 14 at ¶¶ 5-6. And so, JRIC requests that the Court dismiss the amended complaint. *Id.* at 2.

The Plaintiff counters that the Court should not dismiss this matter, because the factual allegations in the amended complaint are sufficient for the Court to infer that she is entitled to uninsured motorist coverage under Maryland law, because the Policy was "issued for delivery" or "delivered for use" in Maryland, and public policy supports interpreting the statute broadly. ECF No. 17 at 3-5. And so, the Plaintiff requests that the Court deny the JRIC's motion. *Id.* at 5.

For the reasons that follow, the Court agrees with JRIC that the complaint fails to state a claim under the Policy, because neither the Policy, nor Maryland law require that JRIC provide uninsured motorist coverage to the Plaintiff. The Court also agrees that the complaint fails to allege facts to show that the Policy was issued, sold or delivered in Maryland. And so, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 14) and (2) **DISMISSES** the amended complaint.

### A.   The Plaintiff Fails To State A Plausible Insurance Coverage Claim

As an initial matter, JRIC persuasively argues that the amended complaint fails to allege a plausible claim for underinsured motorist coverage under the insurance policy at issue in this case. To survive a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Relevant to this insurance coverage dispute, the Court may review documents explicitly incorporated into the complaint by reference in resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322), *see* Fed. R. Civ. P. 10(c). The Court may also consider the plain terms of an insurance policy, if the policy was integral to the complaint and there is no dispute about the documents authenticity. *Id.*

In this case, a plain reading of the Policy shows that JRIC is not obligated to provide underinsured motorist insurance to the Plaintiff. JRIC submitted a copy of the Policy to the Court. ECF No. 22-1. The Policy makes clear that JRIC did not provide for nationwide underinsured motorist coverage. ECF No. 22. at 4; *id.* at 44. JRIC also correctly observes that the Plaintiff did not elect to receive underinsured motorist coverage under the Policy. ECF No. 22 at 4; ECF No. 22-1 at 4. And so, the Plaintiff cannot prevail on her insurance claim under the plain terms of the Policy.

The Plaintiff's insurance coverage claim, based upon Md. Code Ann., Ins. § 19-509(c), is also unpersuasive. Section 19-509(c) applies to vehicular insurance policies that are "issued, sold, or delivered in [] [Maryland] after July 1, 1975." Md. Code Ann., Ins. § 19-509(c). But, the Plaintiff fails to allege any facts in the complaint to show that the Policy was issued, sold or delivered in the State of Maryland. ECF No. 10 at ¶¶ 1-19. In fact, while the Plaintiff alleges that JRIC "functionally" delivered the Policy in Maryland when she relocated to Maryland and registered with Uber as a driver in Maryland (*id.* at ¶¶ 5-9), these claims are legal conclusions that are not supported by the factual allegations in the amended complaint. Given this, the Plaintiff also fails to state a plausible claim for uninsured motorist coverage under Maryland law. And so, the Court must DISMISS the amended complaint. Fed. R. Civ. P. 12(b)(6).

**V.     CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 14) and

(2) **DISMISSES** the amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge